# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| CALVIN WILLIAMS, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA. | No. C12-0067-LRR <br> No. CR11-0053-LRR <br><br> ORDER |

This matter appears before the court on Calvin Williams' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). On July 17, 2012, Calvin Williams ("the movant") filed his 28 U.S.C. § 2255 motion. On July 27, 2012, the movant filed a memorandum in support of his claims (civil docket no. 2). On February 28, 2013, the court, among other things, directed the parties to brief the claims that the movant included in his motion pursuant to 28 U.S.C. § 2255 (civil docket no. 4). On March 27, 2013, counsel filed an affidavit (civil docket no. 5). On April 26, 2013, the government filed a resistance (civil docket no. 7). On June 7, 2013, the movant filed a reply (civil docket no. 10). Because the matter is fully briefed, the court turns to consider the merits of the movant's motion pursuant to 28 U.S.C. § 2255.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be

accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve most of the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought on all of his claims except his failure to file a notice of appeal claim. Specifically, the record indicates that, except for the failure to file a notice of appeal claim, the movant's claims are wholly without merit. As such, the court finds that there is only a need to conduct an evidentiary hearing on the movant's failure to file a notice of appeal claim.

With respect to claims that are unrelated to the failure to file a notice of appeal claim, the court deems it appropriate to deny them for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that counsel provided professional and effective assistance to the movant and the

movant suffered no prejudice as a result of counsel's actions. The record clearly reveals that, after entering into a plea agreement with the government, the movant knowingly and voluntarily pleaded guilty and received a sentence that the parties' contemplated. The movant's mischaracterizations of the record do not provide a valid basis to grant relief.

Moreover, the court thoroughly reviewed the record and finds that dismissing the majority of the movant's claims comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The court concludes that the movant knowingly and voluntarily pleaded guilty pursuant to a plea agreement. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). The parties' plea agreement addressed, among other things, the fact that the movant faced a sentence of at least five years or 60 months imprisonment, the fact that he distributed approximately 47.66 grams of crack, the fact that the movant's base offense level would be at least 26, the fact that a determination regarding the movant's criminal history had not been made and, consequently, the movant's criminal history category could be litigated during the sentencing hearing and the fact that nobody threatened or forced the movant to plead guilty. It is undeniable that the movant could have faced a lengthier sentence if he did not plead guilty. In the event that the movant elected to go to

trial or raised frivolous arguments during the sentencing hearing, it is a near certainty that the movant would have received a longer sentence. This is especially so because the movant would have lost acceptance of responsibility.

Further, the court's application of the advisory sentencing guidelines, consideration of the parties' arguments and application of the factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). None of the terms that the parties included in their plea agreement restricted the court's discretion during the sentencing hearing. Given the record, the court concludes that the sentence that the movant received is appropriate.

Additionally, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. Counsel need not pursue meritless claims, and, if the movant had elected to pursue them, it is highly likely that he would have received a higher sentence because the court had great concern about the movant's lack of respect for the law. The movant's own illegal conduct determined his criminal history category, and such criminal history category is not in any way overstated. So, in reality, the movant benefitted tremendously by the representation provided by counsel. Indeed, counsel successfully argued for a sentence at the bottom of the applicable advisory guideline range. Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome. This is especially so because there are no valid bases to object to the movant's criminal history category.

In light of the record, it appears that the movant is knowingly making false statements to obtain relief. The indictment only charged the movant with one crime, that

is, distributing crack, and the penalty for committing such crime subjected the movant to a minimum sentence of five years. A sentence of 57 months imprisonment was never plausible in light of the mandatory minimum sentence that the movant faced. It makes no difference whatsoever that the movant wanted counsel to convey to the government that he would be willing to plead guilty to something that would subject him to a sentence around 57 months imprisonment. This is so because the government must accept the terms included in any plea agreement. Further, it is apparent that counsel obtained a plea agreement as the movant directed him to do. The parties' plea agreement clearly addresses the minimum sentence that the movant faced, and, it would not have been difficult to conclude from such agreement that, at a minimum, the movant's advisory sentencing guideline range was 60 to 71 months imprisonment based on a total adjusted offense level of 23, which takes into account acceptance of responsibility, and a criminal history category of at least III. In addition, contrary to the movant's averment, he never pleaded guilty to an offense that guaranteed he would only serve 57 months imprisonment. The Rule 11 letter, the report and recommendation to accept the guilty plea and the offense conduct statement all reference the mandatory minimum sentence of 60 months imprisonment. Considering that neither offense level 26 nor offense level 23 include a starting point of 77 months imprisonment and moving from 57 months imprisonment to 84 months imprisonment is an increase of 27 months imprisonment, it is difficult to comprehend the movant's allegation that he was upset because he pleaded guilty to terms that required him to serve 57 months imprisonment but then faced an additional 20 months as a result of an enhancement. Based on the pre-sentence investigation report and counsel's discussion of it with the movant, it is clear that the movant knew a sentence of seven years or 84 months imprisonment was possible and very likely in light of the number of criminal history points that he had. At the time of sentencing, the movant maintained his guilt, and the court arrived at an advisory guideline range of 84 to 105 months imprisonment based on a total adjusted offense level of 23 and a criminal history category of V. The movant acknowledged his extensive criminal history, did not object to any sentencing enhancement and received a sentence at the low end of the

applicable guideline range. In light of his plea, his stipulations and his statements, the court finds that the movant's allegations are frivolous.

Lastly, with respect to counsel's alleged failure to file an appeal, the record includes counsel's sworn statements and supporting documentation. In light of such documentation, it is exceedingly difficult to conclude that the movant did not hear from counsel or that counsel abandoned him after the sentencing hearing. The record also includes the movant's own sworn statements and documentation, which is not credible. Further, the court notes that it advised the movant of his right to appeal during the sentencing hearing. Even though he clearly understood how to contact the court, there is absolutely nothing in the record that shows he ever requested an appeal or inquired as to whether counsel filed an appeal on his behalf. And, a fair assessment of the sentencing proceeding indicates that the movant fully expected the sentence that he received and appreciated counsel and the work that he had done. In light of the record, it appears that the movant is now willing to condemn counsel because he believes that he should have received a lower sentence. Despite the overwhelming evidence that shows he did not desire an appeal, the court finds that it must assess the credibility of counsel and the movant pursuant to a hearing. Absent the movant withdrawing his remaining claim, the court must conduct a hearing. An affidavit from counsel will not suffice.

In sum, all of the alleged errors except the failure to file a notice of appeal claim do not justify relief under 28 U.S.C. § 2255. The court finds that those claims are wholly without merit. Accordingly, they shall be dismissed. With respect to the remaining failure to file a notice of appeal claim, the court deems it appropriate to conduct an evidentiary hearing.[1]

---

[1] Before proceeding with his failure to file a notice of appeal claim, the movant should fully discuss with appointed counsel the record and the fact that he will be required to testify under oath.

**IT IS THEREFORE ORDERED**:

1) Except for the failure to file a notice of appeal claim, the movant's claims are dismissed.

2) A hearing is scheduled to commence at 10:00 a.m. central time on Monday, March 3, 2014. With respect to such hearing, the movant is directed to participate via telephone. Additionally, the clerk's office is directed to appoint CJA counsel to represent the movant. Appointed counsel is directed to notify the court of the name of the movant's counselor and the telephone number where he can be reached at least five days prior to the evidentiary hearing. The clerk's office is directed to send a copy of this order to the movant.

**DATED** this 15th day of January, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA